UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MALIBU MEDIA, LLC,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-986 (RDM) |
| | ) | |
| **JOHN DOE subscriber assigned IP address 108.31.4.92,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's motion for leave to serve a third party subpoena prior to a Rule 26(f) conference (Dkt. 3). For the reasons stated herein, the motion is **GRANTED**.

### I.  BACKGROUND

Plaintiff Malibu Media, LLC, produces and owns the copyrights to certain motion pictures involved in this action. *See* Dkt. 1-3. According to the complaint (Dkt. 1), Defendant is a "persistent online infringer of Plaintiff's copyrights." *Id.* ¶¶ 1-2. Defendant—who is identified by an IP address—allegedly "downloaded, copied and distributed" Plaintiff's works using the BitTorrent file-sharing network. *Id.* ¶ 20. Plaintiff seeks statutory damages and declaratory and injunctive relief prohibiting continuing infringement. *Id.* ¶ 33.

Plaintiff knows Defendant's IP address and the identity of Defendant's Internet Service Provider (ISP), but does not know Defendant's identity. For this reason, Plaintiff seeks leave to serve a third party subpoena on Defendant's ISP—Verizon Online, LLC—that would require the ISP to identify Defendant. Dkt. 3-1 at 3. Because Defendant has not been named or served, no

response has been filed to Plaintiff's motion.

## II. LEGAL STANDARDS

A party ordinarily "may not seek discovery from any source" before a conference under Rule 26(f) unless "authorized by . . . a court order." Fed. R. Civ. P. 26(d)(1). "To determine whether to authorize discovery prior to a Rule 26(f) conference in a particular case, this district has applied a 'good cause' standard." *Malibu Media, LLC v. Doe*, No. 14-1322, 2014 WL 3973480, at *1 (D.D.C. Aug. 15, 2014). Good cause to take discovery prior to the Rule 26(f) conference exists where the discovery is necessary "before th[e] suit can progress further." *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008) (quotation marks omitted). However, a plaintiff seeking discovery of the identities of unknown defendants "must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendants." *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014) (quotation marks and alteration omitted).

## III. DISCUSSION

Plaintiff has demonstrated that good cause exists to take discovery prior to the Rule 26(f) conference. Plaintiff must serve Defendant before this lawsuit can progress, but Plaintiff needs to know Defendant's identity before it can effect service. Plaintiff's declarations establish that Plaintiff can obtain this information only from Defendant's ISP. Dkt. 3-3 ¶ 15. Indeed, it is questionable whether the Court could dismiss the case without allowing Plaintiff the opportunity for discovery of Defendant's identity. *See Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) ("courts have rejected the dismissal of suits against unnamed defendants . . . until the plaintiff has had some opportunity for discovery to learn [the defendants'] identities"). Thus, Plaintiff has made the required showing of good cause for early discovery. *See Arista Records*, 551 F. Supp. 2d at 6.

The Court also concludes that Plaintiff has a good faith belief that the requested discovery will enable it to show that the Court has personal jurisdiction over Defendant.  To establish personal jurisdiction over a defendant under the District of Columbia's long-arm statute, Plaintiff must demonstrate that Defendant either is a "resident[] of the District of Columbia" or "at least downloaded the copyrighted work in the District."  *AF Holdings*, 752 F. 3d at 996.  Plaintiff alleges that it has used "proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using" an IP address "traced to a physical address located within this District."  Dkt. 1 ¶ 5.  The Court of Appeals has suggested that reliance on "geolocation services" of this sort is sufficient to justify a "good faith belief" that a district court has personal jurisdiction over unknown defendants.  *A.F. Holdings*, 752 F.3d at 996; *see also Malibu Media, LLC*, 2014 WL 3973485, at *2 (finding plaintiff established good faith basis for believing defendant a District of Columbia resident based on allegations identical to those here).  Pursuant to its "broad discretion to . . . dictate the sequence of discovery," *Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007) (quotation marks omitted), the Court therefore finds that Plaintiff should be permitted to propound discovery on Defendant's ISP for the purpose of determining Defendant's identity.[1]

---

[1] Plaintiff cites a five-factor test applied by the Second Circuit in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), to determine whether discovery of subscriber-identifying information from an ISP is appropriate.  *See* Dkt. 3-1 at 4 (citing cases).  In that decision, the Second Circuit applied its test to review of denial of a motion to quash a subpoena to an ISP.  604 F.3d at 112-13.  Courts in this Circuit have applied the test from *Arista Records* when evaluating arguments raised in a motion to quash, *see Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 7 (D.D.C. 2008), or when considering "whether defendants' motions to quash should remain under seal," *Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 339 (D.D.C. 2012).  Although it may be appropriate to apply the Second Circuit's test from *Arista Records* if and when Defendant or the ISP moves to quash any subpoena issued pursuant to this order, it would be premature to do so now, before any subpoena has issued and before Defendant and the ISP have had an opportunity to object to the desired discovery.  For the purposes of this

## IV. CONCLUSIONS

For the foregoing reasons, the Court concludes that Plaintiff has demonstrated that "good cause" exists to permit limited discovery prior to the Rule 26(f) conference. Accordingly, Plaintiff's motion for leave to serve a third party subpoena prior to a Rule 26(f) conference is **GRANTED**. An appropriate order accompanies this Memorandum Opinion.

                                                    /s/ Randolph D. Moss
                                                    RANDOLPH D. MOSS
                                                    United States District Judge

Date: September 2, 2015

---

Memorandum Opinion—which merely allows Plaintiff to propound discovery requests earlier than usual—it is sufficient for Plaintiff to show that the litigation cannot proceed absent the requested discovery and that Plaintiff has a good faith belief this Court has personal jurisdiction over Defendant.